DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from a judgment issued by the Sandusky County Court of Common Pleas, Domestic Relations Division, which modified custody and child support. Because we conclude that the trial court improperly issued a "nunc pro tunc" judgment and erred in its child support calculations, we reverse. The following facts and procedural history are important to the issues in the instant appeal.
 {¶ 2} Appellant, Michael Botello ("Michael"), and appellee, Anna Quinones ("Anna"), were granted a dissolution in January 1985. Over the years, there were changes in child support and custody of the parties' three minor children. In December 1997, the court modified the child support order upon the emancipation of the two oldest children. Anna was ordered to pay Michael $160.39 per month plus 2 percent poundage for the support of the remaining minor child, Casey (born August 18, 1983), commencing retroactively to February 12, 1997.
 {¶ 3} Eighteen months later, on August 12, 1999, the Sandusky County Child Support Enforcement Agency ("CSEA") filed a "Motion for Order Nunc Pro Tunc" asking that Anna's December 1997 child support order be "modified to $260.76 plus 2% processing fee" with the effective date retroactive to February 12, 1997. CSEA stated that the former child support order had been miscalculated because "the amount for health insurance premiums were credited incorrectly." The trial court granted the motion and entered a "nunc pro tunc order" the same day.
 {¶ 4} More motions regarding custody and support were filed over the next two years. On February 14, 2001, Anna filed a motion for custody of Casey and to suspend child support payments. On August 28, 2001, Anna filed a "motion to vacate" the August 12, 1999 nunc pro tunc order and asked that any arrearage resulting from that order be removed. On June 10, 2002, the trial court conducted a hearing on the custody and support issues, hearing evidence and testimony from both parties regarding custody, child support, the parties' incomes, payment of medical bills, and Anna's motion for sanctions against Michael for failure to provide discovery.
 {¶ 5} On August 19, 2002, the court issued a finding that Casey had moved in with Anna on February 14, 2001. As a result, the court determined that Michael owed Anna child support from that date until Casey turned 18 on August 18, 2001. CSEA was directed to calculate child support for the period, using a yearly income of $26,000 for Michael and $27,000 for Anna. The court also directed CSEA to recalculate child support retroactively to February 12, 1997, using $27,000 for Michael's income and for Anna's income, "whatever amount the CSEA has in its records for her for that period."
 {¶ 6} On September 19, 2002, CSEA's recommendation and the trial court's judgment entry adopting it were filed together. CSEA calculated Anna's child support obligation from February 1, 1997 through February 14, 2001 at $350.84 per month, plus processing fees and Michael's 2001 obligation to Anna at $276.68 per month. The agency credited Anna with her previous payments of $11,490.18 and an additional $1,685.16 for Michael's 2002 support obligation. According to CSEA calculations, Anna owed a balance of $3,840.40 to Michael. The court adopted this recommendation and ordered that objections be filed by September 27, 2002.
 {¶ 7} Anna timely filed objections: 1) that the court had failed to rule on the nunc pro tunc order and the arrearage it created; 2) that CSEA calculations were based on ambiguities in the court's judgment, did not properly credit her with medical insurance payments, did not account for the three children's different custody arrangements, and were based on improper guideline amounts; and 3) that Michael's "adjusted income" was used while her actual income was used for years before 2001.
 {¶ 8} At the court's direction, in lieu of the court's August 19, 2002 judgment, Anna submitted a "proposed substitute judgment entry" with proposed findings of fact and conclusions of law, together with a child support work sheet showing substitute calculations. Michael responded in opposition to the proposed entry. On April 30, 2003, the trial court vacated its August 12, 1999 "nunc pro tunc order" and reinstated the original $160.39 per month (plus poundage) order, effective from February 12, 1997 through February 14, 2001. After deducting Anna's $2,014.32 arrearage owed as of February 12, 1997, the court then determined that Anna had overpaid child support to Michael by $2,117.95. Based on the parties' stipulations about their current yearly incomes, the court also calculated Michael's child support obligation to be $339.62 from "February 14, 2001 through August 18, 2002," for a total of $2,421.18 owed by Michael to Anna. The court then granted a lump sum judgment of $4,539.13 which represented Michael's support owed to Anna "as of August 18, 2002."
 {¶ 9} Michael now appeals from that judgment, setting forth the following two assignments of error:
 {¶ 10} "I. The trial court erred as a matter of law when allowing appellee, through her counsel, to file objections to the court's August 19, 2002 final judgment order when the time to file an appeal or objections had lapsed.
 {¶ 11} "II. The trial court erred as a matter of law when it concluded that the child support calculations prepared on behalf of the parties by the Sandusky County Child Support Enforcement Agency were incorrect."
 I. {¶ 12} In his first assignment of error, Michael argues that the trial court improperly permitted Anna to file objections to the CSEA calculations as adopted by the trial court's judgment entry of September 19, 2002. Michael contends that the trial court's August 19, 2002 judgment entry was the final appealable order from which Anna should have filed objections.
 {¶ 13} Civ.R. 54(B) states, in pertinent part that "[i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 14} In this case, the August 19, 2002 judgment entry included certain determinations by the court, including the yearly incomes of the parties, that CSEA was to use in determining the amount of child support to be paid by Anna. The order did not include the "no just reason for delay language," a specific amount of child support, or the arrearage amount allegedly owed by Anna, since the information was contingent upon CSEA's calculations. On September 19, 2002, the trial court's judgment entry provided those figures and a specific deadline, September 27, 2002, for the filing of objections, which Anna timely did. As the August 19, 2002 entry did not dispose of all the claims and liabilities of the parties, it was not a final appealable order. Consequently, the trial court did not err in permitting Anna to file her objections.
 {¶ 15} Accordingly, the first assignment of error is not well-taken.
 II. {¶ 16} In the second assignment of error, Michael claims that the trial court erred in determining that the CSEA child support calculations were incorrect. Michael argues that CSEA properly calculated child support based upon the parties' stipulated incomes.
 {¶ 17} Before determining the ultimate issue of the propriety of CSEA's calculations, we must address certain procedural issues, beginning with the 1999 "Nunc Pro Tunc Order." The sole function of a nunc pro tunc order is to correct clerical mistakes in judgments, orders, or other parts of the record. Civ.R. 60(A);Helle v. Public Utilities Commission (1928), 118 Ohio St. 434, paragraph three of the syllabus. The term "clerical mistake" refers to mechanical errors which are readily apparent on the record. See Caprita v. Caprita (1945), 145 Ohio St. 5, 7;Dentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116,118. Thus, the function of nunc pro tunc is merely to have the record reflect what the court actually decided, not what the court might or should have decided or what the court intended to decide. State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 163-164.
 {¶ 18} In the present case, the December 1997 child support order of $160.39, effective retroactively from February 1997, was based upon information before the court at that time. The order was not appealed by either party. The trial court's 1999 "nunc pro tunc" order represents a substantive change, based upon additional information and calculations. Then being applied to the previous 18 months, it created an "instant arrearage" to Anna of more than $1,800. While we understand why the CSEA might have thought it was merely correcting its own mistake, the method used was invalid. The court's second order was more than a simple correction of an absent-minded mathematical or clerical error. The change was made without providing the parties with an opportunity to contest the CSEA's request. Consequently, the trial court erred in entering the order as a "nunc pro tunc," which was void.
 {¶ 19} Nevertheless, in its August 2002 judgment entry, the trial court corrected its mistake and properly vacated the "nunc pro tunc" order, reinstating the original order of $160.39 per month. Since the original order was never properly modified, it remained in effect until Anna's motions to change custody and terminate child support were filed in February 2001. Consequently, in its April 2003 judgment entry, the trial court properly reinstated the prior child support order and then used the parties' stipulated current yearly incomes to calculate child support obligations beginning in February 2001.
 {¶ 20} A review of the trial court's judgment entry uncovered the following mistakes due primarily to the court's adoption of Anna's proposed findings of fact. The court's judgment states that Michael owes child support from February 14, 2001 through "August 18, 2002." This is likely a typographical error within Anna's proposed facts, since Casey had graduated and turned 18 years old on August 18, 2001. Thus, Michael's obligation ended in August 2001. In addition, Anna indicates that Michael's support obligation is for "7 months and 4 days." Our calculations show the period is a little over six months. As a result, Michael owes support for 26 weeks and three days, for a total of $2,071.10, rather than $2,421.18, as incorrectly ordered by the court. Crediting Anna's overpayment to him, Michael owes $4,189.05, rather than $4,539.13. Therefore, although the trial court did not err in its use of the parties' stipulated incomes, it did err in several calculations.
 {¶ 21} Accordingly, Michael's second assignment of error is well-taken with respect to the incorrect calculations. Pursuant to App.R. 12(B), paragraphs three and four of the trial court's judgment entry are modified to read as follows:
 {¶ 22} "3. The Sandusky County Child Support Enforcement Agency shall further correct their records to show Defendant's child support obligation in the amount of $339.62 from February 14, 2001, through August 18, 2001, for a total obligation owing by Defendant to Plaintiff in the amount of $2,071.10. * * *
 {¶ 23} "4. Plaintiff is hereby granted a lump sum judgment against Defendant in the amount of $4,189.05, as of August 18, 2001."
 {¶ 24} The judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. Court costs of this appeal are assessed equally between the parties.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., concur.