[Cite as *Grant-Ross v. Dunsmore*, 2023-Ohio-1414.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

April Grant-Ross                                    Court of Appeals No.  L-22-1030

    Appellant                                       Trial Court No.  CVG-20-11922

v.

Diana Dunsmore                                   **DECISION AND JUDGMENT**

    Appellee                                        Decided:  April 28, 2023

* * * * *

J. Peter Millon, for appellant

Matthew L. Weisenburger, for appellee

* * * * *

**DUHART, J.**

{¶ 1} This case is before this court on an appeal filed by appellant, April Grant-Ross, from the April 27, 2022 judgment of the Toledo Municipal Court, which ordered possession of property to appellee, Diana Dunsmore.  For the reasons that follow, this court modifies the April 27, 2022 judgment, and affirms it as modified.

{¶ 2} Appellant sets forth two assignments of error:

1. The trial court erred in denying Plaintiff/Appellant's Complaint for forcible entry and detainer filed pursuant to R.C. 1901.18(A)(8) by issuing an order quieting title to the subject real estate on behalf of Defendant/Appellee.

2. The Trial Court erred in rejecting the magistrate's decision when it improperly relied upon new evidence offered in objections to the magistrate's decision, when that evidence was not available for the magistrate's consideration.

## Background

{¶ 3} In the fall of 2020, appellee Dunsmore ("seller") placed her house up for sale by owner. Soon thereafter, the seller entered into a contract ("the Contract") with appellant Grant-Ross ("buyer")[1] in which the buyer agreed to purchase the house for $147,500. Per the Contract, the buyer was to pay off the seller's equity line of credit in the amount of $59,000, leaving $88,500 due from the buyer to the seller.

{¶ 4} The buyer paid off the equity line of credit and the seller accepted a cashier's check for $88,500 from the buyer's attorney. The buyer and the seller also entered into an agreement ("the Agreement") wherein the seller agreed to vacate the house on a certain day. Along with the Agreement, the seller executed a quit-claim deed

---

[1] Alvin Ross also entered into the Contract, but he is not a party to this appeal. Therefore, he will not be included in the discussion.

("Deed") transferring the house to the buyer "in consideration of a payment of $147,500." The Deed was delivered to the buyer's attorney.

{¶ 5} The seller deposited the cashier's check, and a 10-day hold was placed on the funds; a stop-payment order was ultimately issued on the cashier's check. Subsequently, the Deed was recorded and the buyer served the seller with a document entitled "Requesting Tenant to Leave Premises (Three-day Notice) Ohio R.C. 1923.04."

## Forcible Entry and Detainer Action

{¶ 6} On October 19, 2020, the buyer filed a complaint against the seller for forcible entry and detainer in Toledo Municipal Court ("TMC" or "trial court"). The seller filed an answer and a counterclaim, in which she sought monetary damages from the buyer.

## Magistrate's Decision/Trial Court's Order

{¶ 7} A hearing was held before a TMC magistrate, who issued a decision that: the seller was "in possession of premise w/o color of title since 8-7-20"; "[n]otice to vacate (was) lawfully served"; and the buyer "bought property & quit[-]claim deed conveyed[.]" The magistrate entered judgment for the buyer for possession of the house. The trial court adopted the magistrate's decision and ordered that the buyer was granted judgment for possession of the house.

{¶ 8} Then, the seller filed objections to the magistrate's decision. The trial court denied the objections on the basis that "no transcript [was] provided." The seller appealed. The TMC case was stayed pending appeal.

3.

## First Appeal

**{¶ 9}** On September 30, 2021, this court reversed the trial court's order.  This court found the trial court committed plain error by denying the seller's objections due to lack of transcript, and by not affording the seller an opportunity to file the transcript, as permitted by Civ.R. 53(D)(3)(b)(iii).  *See Grant-Ross v. Dunsmore*, 6th Dist. Lucas No. L-20-1203, 2021-Ohio-3509.  The case was remanded to the trial court.  *Id.*

## Remand to the Trial Court

**{¶ 10}** On remand, the seller again filed objections to the magistrate's decision and filed the transcript from the hearing ("trial transcript") with the trial court.  In her objections, the seller argued, inter alia, that: the buyer's "fraudulent failure to complete payment of full consideration by cancelling a check that had already been tendered voided the transaction"; if title to the house was obtained by the buyer, the title was obtained through fraud; and "contrary to the decision made by the magistrate, [the seller] did in fact have and assert 'color of title' to the property."

## Trial Court's Original Judgment

**{¶ 11}** On November 4, 2021, the trial court issued a judgment entry ("original judgment" or "November 4, 2021 judgment"), finding:

As [the seller] has offered uncontested evidence that the payment
which constituted the consideration required for the transfer of property
was not received by [the seller], then by law, the title from the property did
not pass to [the buyer]. * * * As [the seller] still lawfully and definitively

retains ownership of the property, the eviction action filed by [the buyer] is invalid. Therefore, [the seller's] Objection is WELL-TAKEN and GRANTED.

The original judgment further provided:

IT IS ORDERED, ADJUDGED AND DECREED that the Magistrate's Decision * * * is hereby REJECTED. [The seller] is to retain ownership of the property in question. The transfer of property from [the seller] to [the buyer] is hereby VOID, and this action to evict [the seller] is DISMISSED.

## Trial Court's Nunc Pro Tunc Judgment

{¶ 12} On January 12, 2022, the trial court sua sponte issued a nunc pro tunc judgment entry ("nunc pro tunc judgment"), which "amends and corrects" the trial court's original judgment by including the phrase, in the nunc pro tunc judgment, that: "[The seller] is to record transfer of possession into her name with the Lucas County Auditor." The buyer filed a notice of appeal from the nunc pro tunc judgment.

## Second Appeal

{¶ 13} This court determined the trial court's nunc pro tunc judgment was not final and appealable, as the seller's counterclaim was still pending. Without addressing the merits of the trial court's nunc pro tunc judgment, this court remanded the case to the trial court.

5.

**Trial Court's Final Judgment**

{¶ 14} On April 27, 2022, the trial court issued its final judgment entry ("final judgment") in order to address the seller's counterclaim. The final judgment provided, inter alia:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the previous judgment dated Jan. 12, 2022 is to stand as the current Judgment on the matter of [the buyer's] Claim and [the seller's] Objection, pending appeal: namely that the Magistrate's Decision * * * is hereby REJECTED. Judgment for possession of the property * * * is to be entered in favor of [the seller]. [The seller] is to record transfer of possession into her name with the Lucas County Auditor. The transfer of property contract entered into by the parties is hereby VOID, and this action to evict [the seller] from the property is hereby DISMISSED. [The seller's] Counterclaims are hereby DISMISSED. * * *

The buyer appealed the trial court's final judgment.[2]

**Common Pleas Court Action**

{¶ 15} The buyer filed a complaint against the seller in the Lucas County Court of Common Pleas for, inter alia, breach of contract and unjust enrichment, and to quiet title. The seller filed an answer, a counterclaim and a third-party complaint against, inter alia,

---

[2] The seller did not appeal the trial court's final judgment. Hence, the dismissal of the seller's counterclaim will not be discussed.

6.

the buyer's attorney. The buyer replied to the counterclaim, but the buyer's attorney did not respond to or answer the third-party complaint. A default judgment was entered for the seller, against the buyer's attorney. That case remains pending.

## Preliminary Matter

## Trial Court's Nunc Pro Tunc Judgment

{¶ 16} Before addressing the issues raised by the buyer on appeal, this court notes the trial court's nunc pro tunc judgment sets forth it "amends and corrects" the trial court's original judgment rendered November 4, 2021, which granted possession of the house to the seller.

{¶ 17} The law is well-settled that "[c]ourts possess inherent common-law power to enter nunc pro tunc judgments or orders in proper cases[, which] * * * power * * * is restricted ordinarily to the subsequent recording of judicial action previously and actually taken." *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 11 N.E.2d 1020 (1937), paragraphs one and two of the syllabus. Thus, "[w]hen a court exceeds its power in entering a purported nunc pro tunc judgment or order, such judgment or order is invalid." *Id.* at paragraph three of the syllabus; *Quinones v. Botello*, 6th Dist. Sandusky No. S-03-016, 2004-Ohio-3162, ¶ 18.

{¶ 18} This court finds since the trial court's nunc pro tunc judgment "amends and corrects" the trial court's original judgment, the trial court exceeded its powers, and the nunc pro tunc judgment is invalid. This court further finds the trial court's original

7.

judgment, granting possession of the house to the seller, remained in effect until the trial court entered its final judgment.

## Trial Court's Final Judgment

{¶ 19} Given that the trial court's nunc pro tunc judgment is invalid, and since the trial court's final judgment referenced the nunc pro tunc judgment and ordered the nunc pro tunc judgment to stand, this court finds it necessary to modify the trial court's final judgment.

{¶ 20} Pursuant to App.R. 12(A)(1)(a), this court has the ability to "[r]eview and affirm, modify, or reverse the judgment or final order appealed[.]" And, "[i]n fact, 'App.R. 12(A)(1)(a) and 12(B) empower this court to modify judgments as a matter of law.'" (Citation omitted.) *Salpietro v. Salpietro*, 6th Dist. Wood No. WD-22-028, 2023-Ohio-169, ¶ 52.

{¶ 21} This court modifies the trial court's final judgment so that the final judgment: refers to the trial court's November 4, 2021 judgment (the original judgment), rather than the nunc pro tunc judgment; and orders the directives of the trial court's original judgment, rather than the nunc pro tunc judgment's directives. The trial court's final judgment, as modified, reads:

> This matter first came before this court in an FED action. After a series of appeals, a Judgment was issued by this court for [the seller] on **November 4, 2021**. This matter now comes before this court as ordered by the 6th District Court of Appeals, as the **November 4, 2021** judgment

8.

rendered by this court did not address [the seller's] Counterclaims included in the original response to [the buyer's] Complaint.

This court's **November 4, 2021** judgment ~~held the contract between the parties void, and~~ ordered ~~possession of the property be transferred to [the seller]~~ **[the seller] is to retain ownership of the property in question. The transfer of property from [the seller] to [the buyer] is hereby VOID, and this action to evict [the seller] is DISMISSED.** *See* Judgment Entry dated **November 4, 2021**. As a lion's share of [the seller's] Counterclaim stems from execution of this now-void ~~agreement~~ **transfer**, [the seller's] Counterclaim for $88,540.00 is DISMISSED as moot.

\* \* \*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the **November 4, 2021** judgment is to stand as the current Judgment on the matter of [the buyer's] Claim and [the seller's] Objection, \* \* \*[.]

(Modifications bolded and underlined.)

{¶ 22} This court will begin its examination with the buyer's second assignment of error.

### Second Assignment of Error

{¶ 23} The buyer argues that after a full evidentiary hearing was conducted, the magistrate recommended judgment for her, the buyer, and the trial court improperly

relied on new evidence, introduced through the seller's objections to the magistrate's decision, which the magistrate could not consider. The buyer asserts it is not proper for the seller to submit new evidence when objecting to the magistrate's decision.

{¶ 24} The seller counters that the buyer does not describe the new evidence supposedly introduced through the objections. The seller maintains the trial transcript clearly shows she, the seller, offered testimony that she did not receive payment or consideration from the buyer, and there was uncontested testimony that a stop-payment order was placed on the cashier's check by the buyer's credit union.

{¶ 25} A review of the arguments in support of the buyer's second assignment of error reveals the buyer did not specify what new evidence the seller introduced through the objections to the magistrate's decision.

{¶ 26} Moreover, upon review of: the trial transcript, the seller's objections to the magistrate's decision, and the rulings of the trial court in its original judgment, this court finds the seller did not introduce new evidence in the objections to the magistrate's decision. This court further finds that the seller has consistently argued she did not receive full consideration from the buyer because of the stop-payment order which was placed on the $88,500 cashier's check, and the seller has constantly asserted that: ownership of the house was not transferred because she, the seller, has not received full consideration for the Deed; the Deed is voidable or invalid; and the recording of the Deed was inappropriate.

10.

{¶ 27} In light of the foregoing, this court finds the buyer's second assignment of error is without merit, and not well-taken.

## First Assignment of Error

{¶ 28} The buyer asserts the trial court erred in denying her forcible entry and detainer complaint by issuing what is essentially an order to quiet title to the house, on the seller's behalf. The buyer submits that a municipal court is vested with jurisdiction to hear and determine forcible entry and detainer actions, but cannot hear quiet title matters.

{¶ 29} The buyer maintains the record is clear that the seller delivered the Deed to the buyer, which Deed conveys the entire interest that the seller could grant. The buyer argues the trial court was obligated to rule on the forcible entry and detainer complaint by: accepting the Deed as the only record evidence that reflected present record title, and finding the buyer had legal title through the Deed. In support, the buyer cites to numerous cases including *Eckart v. Newman*, 6th Dist. Williams No. WM-18-006, 2019-Ohio-3211.

{¶ 30} The seller counters that the trial court's analysis is correct and should be upheld as title to the house did not pass to the buyer because delivery of the Deed was conditioned on the buyer paying the seller the balance due under the Contract, and the buyer did not pay.

11.

## Law

### Subject-Matter Jurisdiction

{¶ 31} R.C. 1901.18(A)(8) confers subject-matter jurisdiction to municipal courts to hear forcible entry and detainer actions.

{¶ 32} Quiet title actions are statutory proceeding under R.C. 5303.01, and courts of common pleas have subject-matter jurisdiction to hear such actions. *Eckart* at ¶ 10. "'There is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to quiet title' to real property." (Citation omitted.) *Id.*

{¶ 33} Whether a court has subject-matter jurisdiction over a certain matter is a question this court reviews de novo. *Eckart* at ¶ 8.

### Quiet Title Action

{¶ 34} A quiet title action "'conclusively determine[s] the allocation of property interests.'" (Citation omitted.) *Eckart* at ¶ 10.

### Forcible Entry and Detainer Action

{¶ 35} "A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property. R.C. 1923.01 et seq.; *Haas v. Gerski*, 175 Ohio St. 327, 329, 194 N.E.2d 765 (1963)." *Eckart* at ¶ 9. "An action of forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract." *Behrle v. Beam*, 6 Ohio St.3d 41, 44, 451 N.E.2d 237

12.

(1983). *See also Eckart* at ¶ 9. "Such a proceeding is not an action to determine ownership of the title to the property." *Behrle* at 44.

{¶ 36} However, when "possession is dependent on title, it is the present title which controls. In such an action, the [municipal] court as an incident to determining the right to possession may determine in whom the present title rests." *Haas* at 330. *See also Eckart* at ¶ 11. The Supreme Court of Ohio reasoned "[w]ere [a party] not permitted to prove [her] right to possession by proving [her] record title, the forcible entry and detainer statute would have little meaning." *Haas* at 331. *See also Eckart* at ¶ 11.

**Analysis**

{¶ 37} Upon review of the record and the applicable law, this court finds the trial court had the subject-matter jurisdiction to entertain the buyer's forcible entry and detainer action, and to decide which party had the right to present possession of the house.

{¶ 38} This court further finds, as an incident to deciding the right to present possession of the house, the trial court could determine which party currently has title to the house.

{¶ 39} Therefore, this court concludes that the trial court, in the trial court's final judgment, properly exercised its jurisdiction when the trial court ordered, adjudged and decreed: "the Magistrate's Decision * * * is hereby REJECTED"; "[j]udgment for possession of the property * * * is to be entered in favor of [the seller]"; and "[t]he

transfer of property contract entered into by the parties is hereby VOID, and this action to evict [the seller] from the property is hereby DISMISSED."

{¶ 40} Since the trial court's final judgment, as modified, refers to the trial court's original judgment of November 4, 2021, which granted possession of the house to the seller, this court finds the trial court, in the original judgment, properly exercised its jurisdiction when the trial court determined that: "[a]s [the seller] has offered uncontested evidence that the payment which constituted the consideration required for the transfer of property was not received by [the seller], then by law, the title from the property did not pass to [the buyer]"; "[a]s [the seller] still lawfully and definitively retains ownership of the property, the eviction action filed by [the buyer] is invalid"; and "[the seller's] Objection is WELL-TAKEN and GRANTED."

{¶ 41} This court further finds that the trial court, in the original judgment, properly exercised its jurisdiction when the trial court ordered, adjudged and decreed: "the Magistrate's Decision * * * is hereby REJECTED"; "[the seller] is to retain ownership of the property in question"; "[t]he transfer of property from [the seller] to [the buyer] is hereby VOID"; "and this action to evict [the seller] is DISMISSED."

{¶ 42} However, this court also finds the trial court exceeded its jurisdiction when the trial court ordered, in the trial court's final judgment, that the seller "is to record transfer of possession into her name with the Lucas County Auditor."  Pursuant to App.R. 12(A)(1)(a), this court modifies the trial court's final judgment by striking the improper sentence, as follows:

14.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the **November 4, 2021** judgment is to stand as the current Judgment on the matter of [the buyer's] Claim and [the seller's] Objection, pending appeal: namely that the Magistrate's Decision * * * is hereby REJECTED. Judgment for possession of the property * * * is to be entered in favor of [the seller]. ~~**[The seller] is to record transfer of possession into her name with the Lucas County Auditor.**~~ * * *.

(Modification bolded and underlined.)

{¶ 43} Based on the foregoing, this court concludes the trial court did not err in dismissing the buyer's forcible entry and detainer action, as the trial court did not issue an order to quiet title to the house. Accordingly, the buyer's first assignment of error is not well-taken.

## Conclusion

{¶ 44} The April 27, 2022 judgment of the Toledo Municipal Court is affirmed, with the modifications noted above. Appellant, April Grant-Ross, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed,
with modifications.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osoiwk, J.
                                                _____

Myron C. Duhart, P.J.                                       JUDGE
CONCUR.

                                                  _____
                                                JUDGE


Gene A. Zmuda, J.
DISSENTS AND WRITES
SEPARATELY.

**ZMUDA, J.**

**{¶ 45}** Because the only evidence of title, offered in the trial court, was a recorded deed in favor of appellant, April Grant-Ross, I respectfully dissent from the majority's decision, affirming the order of possession that quiets title in favor of appellee, Diana Dunsmore, by voiding the transfer of ownership executed and recorded by the parties. I would reverse and remand for findings regarding the right to possession, and not ownership, as a municipal court has no jurisdiction to resolve a dispute over title by setting aside a deed in a forcible entry and detainer proceeding under R.C. 1901.18.

**{¶ 46}** On February 16, 2022, appellant filed her notice of appeal from the trial court's "nunc pro tunc judgment entry" entered January 12, 2022, which determined

16.

ownership of the subject property in favor of appellee, and set aside the deed transferring the property as void.

{¶ 47} On March 31, 2022, we remanded the matter for determination of appellee's pending counterclaim for damages, finding the February 16, 2022 judgment not a final, appealable order.

{¶ 48} On April 27, 2022, the trial court entered a new judgment entry, resolving the pending counterclaims and restating the original judgment regarding the eviction complaint as follows:

> This court's previous Judgment held the contract between the parties void, and ordered possession of the property be transferred to [appellee]. *See* Judgment Entry dated Jan 12, 2022. As a lion's share of [appellee's] Counterclaim stems from execution of this now-void agreement, [appellee's] Counterclaim for $88,540.00 is DISMISSED as moot.

> The remainder of [appellee's] Counterclaim, some $1330.00 along with a request for punitive damages, remains before this court. No evidence exists on record to facilitate these counterclaims. A review of the evidence on the record, including a transcript of the only hearing on the matter, shows that [appellee] did not meet the burden of proof necessary for judgment on these remaining Counterclaims. Therefore, all of [appellee's] Counterclaims for some total $1330.00 constituting various furniture-related claims and other sundry are DISMISSED. Additionally,

17.

[appellee's] Counterclaims for punitive damages are DISMISSED. It is noted by this court that dismissal of [appellee's] Counterclaims are contingent on the voiding of the contract between the parties and the lack of evidence on record supporting the rest of the counterclaims. * * *

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the previous Judgment dated January 12, 2022 is to stand as the current Judgment on the matter of [appellant's] Claim and [appellee's] Objection, pending appeal: namely that the Magistrate's Decision of Nov. 2, 2020 is hereby REJECTED. Judgment for possession of the property known as 2528 Point Pleasant Way, Toledo, OH 43611 is to be entered in favor of the [appellee]. [Appellee] is to record transfer of possession in to her name with the Lucas County Auditor. The transfer of property contract entered into by the parties is hereby VOID and this action to evict [appellee] from the property is hereby DISMISSED. [Appellee's] Counterclaims are hereby DISMISSED. [Appellee's] Counterclaim for $88,510.00 is dismissed as moot, and all of [appellee's] other Counterclaims are dismissed as [appellee] has not met the burden of proof necessary for judgment to be rendered in her favor.

{¶ 49} In affirming, the majority would modify the final judgment to refer to the November 4, 2021 Judgment, rather than the final judgment from which appellant brings this appeal. The majority finds the "nunc pro tunc judgment entry" of January 12, 2022 a

18.

nullity, and ignores the final judgment which not only references the January 12 judgment, but also completely restates the trial court's judgment as a final judgment.

{¶ 50} The majority relies on the authority of *Quinones v. Botello,* 6th Dist. Sandusky No. S-03-016, 2004-Ohio-3162 as support for voiding the January 12 entry, but in *Quinones,* the trial court attempted to modify the award of child support, an already final order that had not been appealed, by entering a new order based on new information and calculations. *Quinones* at ¶ 17-19. In the present case, neither the November 4, 2021 nor the January 12, 2022 judgments addressed the counterclaims of appellee, and therefore, both entries were interlocutory orders, and not final orders. Pursuant to Civ.R. 54(B), an order "which adjudicates fewer than all the claims" is "subject to revision at any time before the entry of judgment adjudicating all the claims[.]" As such, the trial court retains jurisdiction to reconsider these decisions. *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn 1. The final entry of April 27, 2022, accordingly, is the only entry properly before this court on appeal.

{¶ 51} The majority, however, would restore the language in the prior, interlocutory order and reject the language in the final order on appeal, so as to eliminate any reference to "ownership" or a "void contract" in favor of reference to "possession" and a "void transfer." Despite this amendment, the majority would still affirm the effect of the trial court's intended action – quieting title in favor of appellee by resolving the issue of disputed ownership.

19.

**{¶ 52}** The majority acknowledges the law governing subject matter jurisdiction for forcible entry and detainer actions in the municipal court.

> An action of forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract-in this instance, transferred by way of a lease. Such a proceeding is *not an action to determine ownership of the title to the property*.

(Emphasis added) *Behrle v. Beam*, 6 Ohio St.3d 41, 44, 451 N.E.2d 237 (1983). The majority then determines that, in entertaining a purchaser's forcible entry and detainer action, a trial court may decide which party "had the right to present possession of the house." The majority ignores the reality that, in deciding the right to present possession, the trial court in this case rejected the recorded deed and instead addressed rightful ownership based on its resolution of the ownership dispute arising from problems with the sale of the property.

**{¶ 53}** Because changing the language from "ownership" to "possession" does not alter the nature and effect of the trial court's decision, the trial court exceeded its jurisdiction by attempting to restore ownership to appellee. The majority's efforts to reframe the final judgment ignores the legal contortions, undertaken by the trial court, to convert this case from a simple forcible entry and detainer action into a case deciding ownership.

20.

**{¶ 54}** "An action in forcible entry and detainer is solely a possessory action." (Citation omitted) *Haas v. Gerskl,* 175 Ohio St. 327, 330, 194 N.E.2d 212 (1963). The statute provides for a summary proceeding, with the remedy of actual possession of property, and a trial court has no jurisdiction to address the purchase contract or resolve title disputes. *Kuhn v. Griffin,* 3 Ohio App.2d 195, 202-203, 209 N.E.2d 824 (6th Dist.1964), citing *Crafts v. Prior,* 51 Ohio St. 21, 36 N.E. 1070 (1894). Moreover, a pending title dispute, as acknowledged by the majority as pending in common pleas court, "does not constitute a bar to the action in forcible detainer." (Citations omitted) *Haas* at 330.

**{¶ 55}** Considering the applicable law, with attention to the substance of R.C. Chapter 1923, I would reverse and remand for a determination of possession as provided by the forcible entry and detainer statute, leaving the title dispute for resolution in the appropriate court. Accordingly, I respectfully dissent.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.